E-FILED
Wednesday, 09 May, 2018 03:43:59 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JONNY HARRIS, | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) No.: 17-cv-3307-JBM |
| | ) |
| FOOD SUPERVISOR CARLOCK, et al., | ) |
| | ) |
| **Defendants.** | ) |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se*, pursues a § 1983 action alleging a violation of his religious rights at the Graham Correctional Center ("Graham"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff alleges that Food Supervisors Carlock and Zumwalt denied him his vegan diet from August 20, 2017 to August 28, 2017. Plaintiff claims that he maintains a vegan diet in furtherance of his religion, which is not specified. He claims that he was on the vegan diet list but that Defendants Carlock and Zumwalt refused to provide it, wrongly asserting that Plaintiff had received a regular diet on a prior occasion. Plaintiff complained to Defendant Shreve, the

1

Graham Chaplain. Defendant Shreve responded by taking Plaintiff off of the vegan diet list. Plaintiff was not reinstated until November 21, 2017, some 45 days later. Plaintiff claims that he would not eat the regular diet, suffered hunger and lost weight.

Under the Free Exercise Clause of the First Amendment, prisoners must be afforded reasonable opportunities to practice their religion, subject to the legitimate penological concerns of the prison. *Maddox v. Love*, 655 F.3d 709, 719 (7th Cir. 2011). *See Ortiz v. Downey*, 561 F.3d 664, 669 (7th Cir. 2009) ("[a] person's religious beliefs are personal to that individual; they are not subject to restriction by the personal theological views of another.") Here, Plaintiff states a colorable First Amendment claim against Defendants Carlock, Zumwalt and Shreve for denying him his religious diet.

Plaintiff also names Warden Foster for his actions in signing-off on Plaintiff's denied grievances. Section 1983 liability is predicated on fault, so to be liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir.2001) (quoting *Chavez v. Ill. State Police,* 251 F.3d 612, 651 (7th Cir.2001)). Furthermore, officials are liable "for their own misdeeds, and not for anyone else's." *Burks v. Raemisch,* 555 F.3d 592, 595–96 (7th Cir.2009). Prison administrators are entitled to relegate to others the primary responsibility for specific prison functions without becoming vicariously liable for the failings of their subordinates. *Id.* One does not become liable merely for reviewing the administrative decisions of others. *See George v. Smith,* 507 F.3d 605, 609–10 (7th Cir.2007) ("[r]uling against a prisoner on an administrative complaint does not cause or contribute to the [constitutional] violation."); *Johnson v. Snyder,* 444 F.3d 579, 584 (7th Cir. 2006). Defendant Foster is DISMISSED.

**IT IS THEREFORE ORDERED:**

1. This case shall proceed solely on the First Amendment claims against Defendants Carlock, Zumwalt and Shreve, identified herein. Any claims not identified will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15. Defendant Foster is DISMISSED.

2. Plaintiff files [5], a motion for recruitment of *pro bono* counsel. Plaintiff claims that he attempted to secure counsel on his own, but provides no corroboration. *See Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). [5] is DENIED at this time. In the event that Plaintiff renews his motion for recruitment of *pro bono* counsel, he is to provide copies of the letters sent to, and received from, the attorneys he has contacted.

3. Plaintiff files [7], a letter attaching grievances and records which he asks to be appended to the complaint. [7] is GRANTED as the Clerk is directed to file the documents as an attachment to the complaint. Plaintiff is cautioned that in the future, if he seeks relief of this Court he is to file the request as a motion, not a letter. Plaintiff's motion for status [8] is MOOT.

4. The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

5. If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2). If a Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall

provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information will be used only for purposes of effecting service. Documentation of forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6. Defendants shall file an answer within the prescribed by Local Rule. A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings are to address the issues and claims identified in this Order.

7. Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

8. Once counsel has appeared for a Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send notice of electronic filing to defense counsel. The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

9. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the depositions.

10. Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES; AND,

2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.

LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).

ENTERED: 5/9/2018          　　　s/Joe Billy McDade　　　
　　　　　　　　　　　　　　　JOE BILLY McDADE
　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE