E-FILED
Friday, 02 November, 2018  03:00:27 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHNNY HARRIS, | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) No.: 17-cv-3307-JBM |
| | ) |
| RANDY CEARLOCK, et al., | ) |
| | ) |
| **Defendants.** | ) |

## MERIT REVIEW – AMENDED COMPLAINT

Plaintiff, proceeding *pro se*, filed an amended complaint alleging violations of the First and Eighth Amendments, and the Religious Land Use and Institutionalized Person Act (RLUIPA) at the Graham Correctional Center ("Graham").[1] The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.  In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor.  *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013).  However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted).  While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff, an African Hebrew Israelite, was confined at Graham on July 8, 2016.  Shortly thereafter, he asked the Chaplain, presumably Defendant Shreve, to place him on the list for a "vegan/vegetarian" diet.  On August 4, 2016, he informed the Chaplain that when he made his

---

[1] 42 U.S.C. §§ 2000cc to 2000cc-5.

diet request, he mistakenly believed that "vegan" and "vegetarian" were the same. Plaintiff explained that his religious practice allowed him to eat meatless animal protein, and asked to be changed to the less restrictive vegetarian diet. Plaintiff did not receive a response and, on August 18, 2017 filed a grievance of the matter.

On August 25, 2017 Plaintiff went through the food line and was told by Food Supervisor Defendant Cearlock, that he was no longer on the special diet list, as he had been seen taking a regular tray at mealtime. Plaintiff does not assert that he was taken off of the special diet list by Chaplain Shreve, so the Court interprets this to have been an independent action by Defendant Cearlock. Plaintiff filed a grievance of the matter and sent an unspecified request to Defendant Shreve.

On August 28, 2017, Defendant Zumwalt was supervising the food line and he, too, refused to provide Plaintiff a special diet tray. Defendant Zumwalt told Plaintiff this was because he had seen Plaintiff take a regular diet tray on an unspecified prior occasion. The Court interprets this to allege that Defendant Zumwalt, of his own accord, without knowledge that Plaintiff had been taken off of the special diet list, refused Plaintiff's religious diet tray. Plaintiff alleges that he did not receive a meal that day, and filed a grievance against Defendant Zumwalt.

On an unspecified date, Defendant Shreve responded to Plaintiff's August 25, 2017 complaint as to his special diet. He provided Plaintiff a copy of the incident report authored by Defendant Zumwalt which asserted that on August 27, 2017, Plaintiff had refused the special diet tray and taken a regular diet instead. Plaintiff disputed the allegations made by Defendant Zumwalt and does not reveal what action came from that meeting.

Plaintiff claims in a conclusory fashion that he went nine days without food, without identifying the relevant dates. The Court makes a reasonable inference that Plaintiff was offered

2

a regular diet during this time but, due to religious scruples, refused to accept it. It might also reasonably be assumed that some of the food on the regular diet would conform to Plaintiff's religious diet as there would, undoubtedly, be items other than meat. As Plaintiff does not state otherwise, it is presumed that after this period he received the appropriate diet. Plaintiff requests declaratory relief as well as compensatory and punitive damages.

Prisoners have a First Amendment right to reasonable opportunities to practice their religion, subject to the legitimate penological concerns of the prison. *Maddox v. Love*, 655 F.3d 709 (7th Cir. 2011); *Ortiz v. Downey*, 561 F.3d 664, 669 (7th Cir. 2009). Prison officials may not interfere with a prisoner's free exercise of religion unless the asserted regulation is justified by a legitimate penal interest. *Williams v. Lane*, 851 F.2d 867, 877-78 (7th Cir. 1988). RLUIPA, too provides that prison officials may not substantially burden religious exercise unless there is a compelling government interest at stake. If such an interest exists, prison officials must use the least restrictive means of achieving it. 42 U.S.C. § 2000cc-1(a).

Here, Plaintiff states a colorable claim that Defendants Cearlock and Zumwalt violated his First Amendment and RLUIPA rights when they refused to provide him a religious diet. He also sufficiently pleads that Defendant Shreve knew Plaintiff was not receiving his religious diet and took no action. *See Ames v. Randle,* 933 F.Supp.2d 1028, 1037–38 (N.D.Ill.2013) quoting *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir.2001). "A defendant will be deemed to have sufficient personal responsibility if he directed the conduct causing the constitutional violation, or if it occurred with his knowledge or consent."

Plaintiff's RLUIPA claim is correctly pled as he has named defendants in their official capacities. He has also correctly pled a request for declaratory and injunctive relief, which may be recovered under RLUIPA while compensatory damages may not. *Turner v. Hamblin*, 590

Fed.Appx. 616, 621 (7th Cir. 2014); *Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012). The First Amendment and RLUIPA claims will proceed against the three Defendants.

Plaintiff also asserts an Eighth Amendment claim; that Defendants Cearlock, Zumwalt and Shreve were deliberately indifferent, forcing him to go hungry. Here, Plaintiff has pled only that Defendants Cearlock and Zumwalt denied him his religious meals, not that they denied him all meals. These allegations, while sufficient to support the First Amendment and RLUIPA claims, do not support a deliberate indifference claim. This is so because there was food available to Plaintiff though portions, at least, were not in keeping his religious diet. Plaintiff, therefore, fails to plead an Eighth Amendment claim against Defendants Cearlock and Zumwalt.

Plaintiff's also asserts the Eighth Amendment claim against Defendant Shreve, but does not plead that Defendant personally refused him food, or was aware that Plaintiff allegedly did not eat for a period of nine days. The Eighth Amendment claim against Defendant Shreve is DISMISSED as well.

**IT IS THEREFORE ORDERED:**

1. This case shall proceed solely on the First Amendment and RLUIPA claims against Defendants Cearlock, Zumwalt and Shreve. The Eighth Amendment claims are DISMISSED. Any claims not identified will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.

2. Defendants have 21 days in which to file a response to the complaint.

11/2/2018  
ENTERED

s/Joe Billy McDade  
JOE BILLY McDADE  
UNITED STATES DISTRICT JUDGE